**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ERIC DISANTIS, et al.,** | **CIVIL ACTION** |
| Plaintiffs, | |
| *v.* | **NO. 25-3238-KSM** |
| **MELISSA VEGA,** | |
| Defendant. | |

**Marston, J.**                                                                                            **July 6, 2026**

**MEMORANDUM**

Plaintiff Eric Disantis moves *in limine* to preclude reference to "irrelevant" past medical

history.  (Doc. No. 27.)  Defendant Melissa Vega has filed an opposition to the motion *in limine.*

(Doc. No. 28.)  For the reasons discussed below, the Court denies Plaintiff's motion.

## I.      Background[1]

On February 18, 2024, Plaintiff Eric Disantis was driving through the "fire lane/access

road" at the Ashbridge Square Shopping center at 845–965 E. Lancaster St. in Downingtown, PA

when he was struck by a vehicle operated by Defendant Melissa Vega.  (Doc. No. 1 at 2.)  He

asserts that Defendant's vehicle was "operated in such a careless, negligent and reckless manner

that it struck Plaintiff's vehicle at a high rate of speed, upending/flipping the vehicle operated by

Eric Disantis."  (*Id.* at 2.)  Plaintiff claims that as a result of this collision he suffered:

> severe and permanent injuries including traumatic brain
> injury and post-concussion syndrome[; and] internal injuries
> of an unknown nature including but not limited to severe
> aches, pains, mental anxiety and anguish, and a severe shock
> to their entire nervous system, and other injuries the full

---

[1] Because the Court writes mainly for the parties, in this Memorandum we provide only a brief
recitation of the allegations in the Complaint relevant to Plaintiff's motion.

> extent of which may not yet be known. He [also claims that he] has in the past and will in the future undergo severe pain and suffering as a result of which she [sic] has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

(*Id.* at 3.)  Eric and Cathleen Disantis bring a claim for negligence, and Cathleen Disantis, Eric Disantis's wife, brings a loss of consortium claim against Vega.  (*Id.* at 4.)

## II.     Legal Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."  *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  This is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).  A court should only exclude evidence on a motion *in limine* when the evidence is "clearly inadmissible on all potential grounds."  *Kaisinger v. Walmart Stores, Inc.*, No. 18cv855, 2024 WL 1536040, at *1 (E.D. Pa. Apr. 9, 2024).

With this standard in mind, the court turns to Plaintiff's motion *in limine.*

## III.    Discussion

Eric Disantis alleges that he is suffering from post-concussive syndrome as a result of the motor vehicle incident at issue in this case.  (Doc. No. 26 at 3.)  He alleges that the injury's lasting effects include cognitive deficits.  (*Id.*)  During discovery, Defendant asked Dr. Lee Harris, a neurologist, to evaluate Mr. Disantis and issue a report, in which Dr. Harris opined that:

> If Eric DiSantis did sustain a low-grade concussion without loss of consciousness as a result of the February 18, 2024 accident, the natural history of concussion is for gradual improvement, typically to the **point of resolution over the course of a few weeks to months**, and [there is] no expectation [that] he would continue to be experiencing post-concussion symptoms nearly two years out from injury and he has not returned for any follow-up since completing

2

the courses of therapy in April 2024.

His persistent subjective complaints do not correlate with objective findings on neurological examination.

(Doc. No. 26 at 3–4) (emphasis in original).

Following the issuance of this report, Dr. Harris reviewed additional pre-accident records of Mr. Disantis, and issued a supplemental report, where he states:

Pre-accident records from Village Family Medicine dating back to 2014 which are **largely noncontributory.** He reported increased anxiety on 4/23/14. On 7/29/15, he complained of dizziness, with headaches and dizziness persistent on 8/5/15 and again on 8/10/15. He returned on 2/22/16 after visiting several specialists with negative workup for dizziness which was still present.

On 10/24/16, he was concerned about issues with fatigue, vision and balance, had been diagnosed with **Lyme disease** and treated with antibiotics and vestibular therapy with improvement. There are visits between 2018 and 2022 which are generally **noncontributory.** He again reported issues with fatigue, vision and balance on 3/16/22 with depressed mood, and reiterated these complaints on 3/22/23. He reported left shoulder pain on 12/11/23

. . . .

Review of the above supplemental records of Eric DiSantis does not cause me to alter the opinions I expressed in previous reports, all of which continue to be held to a reasonable degree of medical certainty.

(*Id.* at 4) (emphasis in original).

In his motion *in limine*, Plaintiff argues that Dr. Harris's supplemental report discussing Mr. Disantis's "non-contributory" injuries is "irrelevant to the issues in this case" and should be precluded pursuant to Federal Rules of Evidence 401, 402, 403, and 703. (*Id.* at 4–5.) Plaintiff further asserts that "to allow the Defendants to refer to any prior, unrelated medical conditions in the presence of the jury would unfairly prejudice the Plaintiff and cause confusion of the issues or mislead the jury." (*Id.* at 6.) Plaintiff claims that "[t]he non-existent probative value of the

3

evidence of Plaintiff's past medical history for unrelated medical conditions is outweighed by the danger of unfair prejudice, confusion of issues or misleading to the jury." (*Id.*)

In response, Defendant argues that the records on which Dr. Harris's opinions are based are not mere "irrelevant past medical history"; instead "they document a pre-existing constellation of dizziness, headaches, vestibular dysfunction, balance and vision problems, Lyme disease, and fatigue—the precise symptoms that Plaintiff now claims were caused by the February 18, 2024 motor vehicle accident" at issue in this case. (Doc. No. 28 at 3) (internal citation omitted). Defendant further asserts that Dr. Harris's review of those records, which represents part of his methodology, and conclusions, are admissible pursuant to Federal Rules of Evidence 401, 402, 403, and 703. (*Id.*) The Court agrees with Defendant.

*First*, Dr. Harris's review and opinion on Mr. Disantis's pre-accident medical records is plainly relevant to the jury pursuant to Rules 401 and 402. Generally, relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As Defendant notes, Plaintiff "claims he suffers from post-concussive syndrome with symptoms including dizziness, headaches, balance problems, fatigue, vision complaints, and cognitive difficulties," which he asserts are caused by the February 18, 2024, crash. (Doc. No. 28 at 5.) However, the pre-accident records reviewed by Dr. Harris "document those identical symptoms predating the accident by years." (*Id.*) As such, the Court agrees with Defendant that "whether Plaintiff had pre-existing neurological and vestibular complaints before the accident is directly relevant to: (1) causation — whether the accident caused the claimed symptoms; (2) the nature and extent of Plaintiff's damages; (3) the credibility of Plaintiff's complaints; and (4) the basis and reliability of Plaintiff's opinion that Plaintiff's

persistent symptoms are not attributable to the accident." (*Id.*)

**Second**, the Court agrees with Defendant that the pre-accident records at issue are "highly probative" and not unfairly prejudicial under Rule 403. (Doc. No. 28 at 8.) "Under Rule 403, 'the [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Egan v. Del. River Port Auth.*, 851 F.3d 263, 275 (3d Cir. 2017) (quoting Fed. R. Evid. 403). "When determining whether evidence violates Rule 403, district courts must balance the probative value of the evidence against its prejudicial effect, clarifying its reasoning on-the-record." *United States v. Bailey*, 840 F.3d 99, 117 (3d Cir. 2016). The Third Circuit has stressed that "*pretrial* Rule 403 exclusions should rarely be granted." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original); *see also Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997) ("We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made in limine.").

As noted above, the records at issue are probative on the issues of causation, damages, and credibility. Most importantly, they provide Dr. Harris's "documentation [and analysis] of a pre-existing symptomatic history that is [likewise] directly relevant to the central issue of causation and damages." (*Id.*) And the Court agrees with Defendant that "[p]reclusion of Dr. Harris's testimony regarding records he reviewed as part of his comprehensive evaluation would improperly deprive Defendants of the ability to present a complete and accurate account of Dr. Harris's methodology." (Doc. No. 28 at 9.) As for the prejudice to Plaintiff that could result from having these pre-accident records disclosed to the jury, we find it is the same amount of prejudice that comes with the admission of any unfavorable evidence. And to mitigate that prejudice,

Plaintiff will have the opportunity to cross-examine Defendant's expert during trial regarding his conclusions. *See Plunkard v. Marks*, No. 18cv01536, 2021 WL 8013872, at *4 (M.D. Pa. May 4, 2021) ("Defendants are, of course, free to cross-examine [plaintiff's expert] regarding this conclusion.").

Because the pre-accident records are probative of the issues, likely to assist the jury, and do not meet the high bar for preclusion pursuant to Rule 403, Plaintiff's motion is denied. *See Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) ("The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." (cleaned up)).

***

The pre-accident medical records reviewed by Dr. Harris, and his subsequent opinions on them, are relevant, are of the type reasonably relied upon by neurologists in forming independent medical opinions[2], and their admission has probative value that does not substantially prejudice Plaintiff.

## IV.    Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion. An appropriate Order follows.

---

[2] Rule 703 provides that expert opinions based on otherwise inadmissible hearsay are to be admitted only if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Here, Dr. Harris, a neurologist, forms his opinions based on his review of medical records, so there is no Rule 703 issue, as asserted by Plaintiff. *DeLuca by DeLuca v. Merrell Dow Pharms., Inc.,* 911 F.2d 941, 953 (3d Cir. 1990) ("Rule 703 is satisfied once there is a showing that an expert's testimony is based on the type of data a reasonable expert in the field would use in rendering an opinion on the subject at issue[.]").